Case 4:20-cv-00935   Document 31   Filed on 01/27/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARLOS AMILCAR UZCATEGUI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | **CIVIL ACTION NO. 4:20-CV-935** |
| | § | |
| **TRI-COUNTY GIN OF NORTH MISSISSIPPI, LLC, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORDANUM AND RECOMMENDATION

Pending before the Court[1] is Defendants' Motion to Dismiss (Dkt. No. 13). The Court has considered the motion, the response, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.[2]

## I.   BACKGROUND

Plaintiff Carlos Amilcar Uzcategui ("Uzcategui") previously traveled from Texas to Mississippi to do seasonal work for Defendant Tri-County Gin of North Mississippi, LLC ("Tri-County Gin").[3] Uzcategui alleges he was offered the job via a telephone phone call he received while in Texas.[4] Uzcategui later filed this *pro se* lawsuit on March 13, 2020, alleging that Tri-County Gin violated Title VII by harassing him and terminating his employment due his race and

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. (*See* Dkt. No. 10.)

[2] As a result, the Court **RECOMMENDS** that the following pending motions be **DENIED AS MOOT**: Motion to Strike Response to Motion (Dkt. No. 22); Motion for Hearing (Dkt. No. 23); and Motion for Default Judgment (Dkt. No. 27).

[3] Dkt. No. 1 at 4.

[4] *Id.*

religion.[5] On March 16, 2020, Uzcategui amended his complaint to add Keith Pearson ("Pearson"), Kenny Bolen ("Bolen"), and Steve Ratcliff ("Ratcliff") as additional defendants.[6] On September 17, 2020, Uzcategui filed a Motion to Dismiss Pearson[7] and Bolen from the case.[8]

As such, for the purpose of this memorandum and recommendation, the Court will focus its analysis on the remaining defendants: Tri-County Gin and Ratcliff. Uzcategui is a resident of Texas.[9] Tri-County Gin is a limited liability company based in Mississippi.[10] Ratcliff is the manager of Tri-County Gin and is a resident of Mississippi.[11] On June 26, 2020, Defendants filed the instant Motion to Dismiss.[12]

## II.  ANALYSIS

Defendants argue the case should be dismissed for three reasons: (1) the Court lacks personal jurisdiction over Defendants; (2) Ratcliff may not be personally liable for damages under Title VII; and (3) Uzcategui failed to properly serve Defendants.[13] Uzcategui contends the Court has jurisdiction, Ratcliff contacted him via telephone regarding the job opportunity, and that all

---

[5] *Id.* at 1–5.
[6] Dkt. No. 3.
[7] Pearson filed his own Motion to Dismiss and requested that Uzcategui be sanctioned for the filing of his complaint. (Dkt. No. 6 at 2). Pearson's request is not properly before the Court and is denied. *See* FED. R. CIV. P. 11(c)(2).
[8] Dkt. No. 19. The Court **RECOMMENDS** that Uzcategui's Motion to Dismiss Pearson and Bolen be **GRANTED** (*Id.*). As a result, the Court further **RECOMMENDS** that Pearson's Motion to Dismiss be **DENIED AS MOOT** (Dkt. No. 6).
[9] Dkt. No. 1 at 1.
[10] Dkt. No. 1-2 at 1.
[11] *Id.*; Dkt. No. 13-1 at 1.
[12] Dkt. No. 13.
[13] *See id.*

Defendants were properly served.[14]

### a. Ratcliff May Not Be Personally Liable For Damages Under Title VII.

Uzcategui's complaint alleges Ratcliff discriminated against him in violation of Title VII.[15] Defendants contend Uzcategui fails to state a claim for relief because Ratcliff cannot be personally liable for the alleged violations of Title VII.[16]

Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Individuals may not liable under Title VII in either their individual or official capacities. *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003); *Chhim v. Univ. of Houston-Clear Lake*, No. CV H-15-1272, 2015 WL 7430885, at *3 (S.D. Tex. Nov. 20, 2015) (dismissing Title VII claims against individual defendants). Thus, the Court recommends that Uzcategui's claims asserted pursuant to Title VII against Ratcliff be dismissed for failure to state a claim upon which relief can be granted.

### b. This Court Lacks Personal Jurisdiction over Defendants.

"A federal district court sitting in diversity may exercise personal jurisdiction over a foreign

---

[14] *See* Dkt. No. 17.
[15] *See* Dkt. No. 1.
[16] Dkt. No. 13 at 6–7.

defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Because the Texas long-arm statute "extends as far as constitutional due process allows," it is only necessary to consider the second inquiry. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009); *see Alexander v. Greenwood Hall, Inc.,* No. 18-CV-4540, 2019 WL 2913953, at *6 (S.D. Tex. July 8, 2019) ("Since the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis."). A plaintiff bears the overall burden of establishing jurisdiction over a non-resident and may meet this burden "by presenting a *prima facie* case that personal jurisdiction is proper." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

### i. Specific Jurisdiction

To satisfy specific jurisdiction, "due process requires (1) minimum contacts by the defendant purposefully directed at the forum state; (2) nexus between the defendant's contacts and the plaintiff's claims; and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *Seisa Med., Inc. v. Asia Capital Advisor, Ltd.*, No. 18-CV-79, 2018 WL 5020226, at *5 (W.D. Tex. Sept. 20, 2018) (quotations omitted); *see McFadin*, 587 F.3d at 759. "The minimum contacts inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759 (internal quotation marks omitted). "To conclude that a defendant should reasonably anticipate being haled into the forum State requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[.]" *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253

F.3d 865, 869 (5th Cir. 2001) (quotations omitted).

Once a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof then shifts to the defendant to show that the assertion of jurisdiction is "unfair and unreasonable." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 102 (5th Cir 2018) (citing *Wien Air Alaska, Inc v. Brandt*, 195 F.3d 208, 215 (5th Cir 1999)).

Here, Uzcategui's case arises out of alleged discrimination during his employment with Tri-County Gin in Mississippi.[17] The only Texas contact presented by Uzcategui is an alleged recruitment phone call that he received while in Texas.[18] Even if true, a single telephone call is insufficient to establish minimum contacts with Texas. *See Baker Hughes Inc. v. Homa*, No. CIV.A. H-11-3757, 2013 WL 5775636, at *19 (S.D. Tex. Oct. 25, 2013) ("A telephone call to a potential recruit from a prospective employer is insufficient to establish minimum contacts in the recruit's state"); *Morris v. B.C. Olympiakos, SFP*, 721 F. Supp. 2d 546, 560 (S.D. Tex. 2010) (holding that a single telephone call from a prospective foreign employer to a Texas resident did not establish minimum contacts with Texas).

Because Uzcategui has not established that Defendants have minimum contacts with Texas, it is unnecessary to address whether asserting jurisdiction in Texas is reasonable. As such, the Court recommends that Uzcategui failed to show how the Court has specific jurisdiction over Defendants.

  ii. *General Jurisdiction*

A federal court has general jurisdiction over a nonresident defendant "to hear any and all

---

[17] *See* Dkt. No. 1.
[18] *Id.* at 4–5.

claims" if that defendant's contacts with the state are so " 'continuous and systematic' " as to render it "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 US 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations SA v. Brown*, 564 US 915, 919 (2011)). This high standard requires "extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001)). Similar to the minimum contacts analysis for specific jurisdiction, a single phone call is insufficient to show the continuous and systematic contacts within Texas needed to justify general jurisdiction.

Further, general jurisdiction cannot exist over a corporate defendant that lacks a business present in Texas. *See id.* at 611. Tri-County Gin, a Mississippi limited liability company, does not (1) maintain a Texas office; (2) own Texas real estate; (3) have Texas bank accounts; or (4) have a Texas agent for service of process.[19] *See Bowles v. Ranger Land Sys., Inc.*, No. CV 12-CA-046, 2012 WL 12882079, at *1 (W.D. Tex. Nov. 2, 2012), aff'd, 527 F. App'x 319 (5th Cir. 2013) (analyzing the same contacts when determining whether general jurisdiction existed over a corporate defendant in Texas). "[Tri-County Gin] does not do business with residents or entities of the state. It does not direct advertisements or solicitation of business to the state, and it does not specifically recruit employees from Texas." *Id.* Uzcategui's alleged recruitment call is not enough to establish Tri-County Gin's business presence in Texas.

Finally, an alleged phone call without more specificity is insufficient to support general jurisdiction. *See Johnston*, 523 F.3d at 610 ("[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general

---

[19] Dkt. No. 13-1 at 1–2.

jurisdiction.") Accordingly, the Court recommends that Uzcategui failed to show how the Court has general jurisdiction over Defendants.

Because the Court does not find that it has specific or general jurisdiction over Defendants, the Court recommends that the case be dismissed for lack of personal jurisdiction.[20] *See* FED. R. CIV. P. 12(b)(2).

## III. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that that Defendants' Motion to Dismiss (Dkt. No. 13) be **GRANTED**. The Court further **RECOMMENDS** that Uzcategui's Motion to Dismiss Pearson and Bolen (Dkt. No. 19) be **GRANTED** and that Pearson's Motion to Dismiss (Dkt. No. 6) be **DENIED AS MOOT**. Finally, the Court **RECOMMENDS** that the following pending motions be **DENIED AS MOOT**: Motion to Strike Response to Motion (Dkt. No. 22); Motion for Hearing (Dkt. No. 23); and Motion for Default Judgment (Dkt. No. 27).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

---

[20] Because the Court recommends that the case be dismissed for lack of personal jurisdiction over Defendants, it need not reach Defendants' alternative argument that the case be dismissed for insufficient service of process.

of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on January 27, 2021.

Sam S. Sheldon
United States Magistrate Judge