United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| CARLOS AMILCAR UZCATEGUI, | § | CIVIL ACTION NO. |
| | § | 4:20-cv-00935 |
| Plaintiff, | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| TRI-COUNTY GIN OF NORTH MISSISSIPPI LLC, *et al*, | § | |
| Defendants. | § | |

## Order Denying Motion to Appeal *In Forma Pauperis*

The motion by Plaintiff Carlos Amilcar Uzcategui to appeal *in forma pauperis* is denied. Dkt 42.

Uzcategui proceeds in this action *pro se*. He is a resident of Humble, Texas. He alleges that Defendant Tri-County Gin of North Mississippi, LLC called him and several others, seeking to hire them for seasonal work in Mississippi. Uzcategui accepted the job offer and proceeded to the job site. He alleges that he was discriminated against and harassed while there because of his race and religion. He brings claims under Title VII of the Civil Rights Act in those respects. See Dkts 1, 3.

The case was referred for disposition to Magistrate Judge Sam S. Sheldon. Dkt 10. He addressed several motions to dismiss by the Defendants, recommending that all claims be dismissed. Dkt 31. That recommendation was adopted as the memorandum and order of this Court. Dkt 36. Uzcategui subsequently moved for reconsideration, and that motion was denied. Dkts 37, 39.

Uzcategui filed a notice of appeal as to the adopting order and the order denying reconsideration. Dkt 40. He also moves to appeal *in forma pauperis*. Dkt 42.

Applications to proceed *in forma pauperis* are governed by 28 USC § 1915 and Federal Rule of Appellate Procedure 24. The Fifth Circuit holds, "A movant seeking leave to proceed IFP on appeal must demonstrate that she is a pauper and that her appeal is taken in good faith, i.e., that she will raise a nonfrivolous issue on appeal." *Winsley v Federal Express Corporation*, 393 F Appx 145, 146 (5th Cir 2010, *per curiam*), citing FRAP 24(a)(5); *Carson v Polley*, 689 F2d 562, 586 (5th Cir 1982). *Good faith* in this context means that the appeal "involves 'legal points arguable on their merits (and therefore not frivolous).'" *Winsley*, 393 F Appx at 146, quoting *Howard v King*, 707 F2d 215, 220 (5th Cir 1983), in turn quoting *Anders v California*, 386 US 738, 744 (1967).

Assuming Uzcategui to be a pauper, his application to proceed *in forma pauperis* must be denied because his appeal doesn't involve arguable legal contentions. His argument on the underlying motions to dismiss asserted that there was personal jurisdiction over Tri-County Gin and that it and other Defendants failed to timely respond to his complaint. See Dkts 17, 20. Neither involves points arguable on their merits

*As to personal jurisdiction,* Uzcategui argues that Defendant Tri-County Gin of North Mississippi, LLC is subject to specific jurisdiction here by reason of its calling him to discuss the Mississippi job. See Dkt 17 at 4. This is legally incorrect. The memorandum and recommendation and the adopting order both explain that it is well-settled that a single phone call or email "to a potential recruit from a prospective employer is insufficient to establish minimum contacts in the recruit's state." *Baker Hughes Inc v Homa*, 2013 WL 5776736, *19 (SD Tex), citing *Morris v BC Olympiakos, SFP*, 721 F Supp 2d 546, 560–61 (SD Tex 2010) (Opinion of Lake, J); see also Dkts 31 at 5, 36 at 2.

*As to service,* Uzcategui says that the Defendants defaulted because they failed to timely respond to his complaint. See Dkt 17 at 4–6. That is factually incorrect. The adopting order explains that the docket doesn't reflect that Defendants were ever served. See Dkt 36 at 2. Uzcategui cannot prevail on this argument.

The motion by Plaintiff Carlos Amilcar Uzcategui to appeal *in forma pauperis* is DENIED. Dkt 42.

SO ORDERED.

Signed on June 10, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge